WILLIAM M. CROSBY (SBN: 49357)
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 544-2493
Facsimile: (714) 544-2497
Email: wcrosby@wcrosbylaw.com

Attorney for Plaintiff
DEBORAH FREEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DEBORAH FREEMAN, | CASE NO. |
| Plaintiff, | COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b)); WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND |
| v. | |
| KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; DOES I through X, inclusive, | |
| Defendants. | |

Plaintiff alleges:

SUMMARY OF CLAIMS

1. This is an action for damages by plaintiff against her former employer based on an egregious bad faith course of conduct designed to discredit plaintiff and deprive plaintiff of her valued employment interest, in part in retaliation for plaintiff's having protested her employer's directive to violate the California Governor's "stay at home" order incident to the Covid-19 pandemic. Plaintiff claims that her employer's assertion that she had jeopardized the health of other employees by continuing to work with Covid-19 like symptoms, was a

1

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b)); WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

sham and pretextual reason to terminate her and to mask such retaliatory animus. Plaintiff seeks compensatory damages, including economic damages for past and future loss of earnings and benefits, general damages for severe mental and emotional distress, punitive damages, and statutory attorneys' fees.

## PARTIES

2. At all times herein mentioned plaintiff DEBORAH FREEMAN (hereinafter "plaintiff") was and is a resident of the County of San Bernardino, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant KINDRED HEALTHCARE OPERATING, LLC (hereinafter "KINDRED") was and is a Delaware limited liability company engaged in the business of hospice care services, with its principal place of business located in Louisville, Kentucky, and authorized to do business and doing business in the County of Riverside, State of California.

4. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES I through X, inclusive. Pursuant to Code of Civil Procedure Section 474, plaintiff will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief alleges that said fictitiously-named defendants are responsible in some manner for the injury and damages to plaintiff as further hereinafter alleged.

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

AGENCY

5. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

JURISDICTION AND VENUE

6. The United States District Court has original jurisdiction in this action pursuant to 28 U.S. Code § 1332(a), in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue in the United States District Court, Central District of California, Eastern Division is proper pursuant to 28 U.S. Code § 1391(b)(2), in that the events giving rise to plaintiff's claims occurred within this district.

///
///

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

FACTS

Plaintiff's Stellar Background in the Pharmaceutical/Medical Sales Industry:

7. Since 2001, plaintiff has been a single divorced woman raising two children, with no support from her now deceased former husband. Commencing in 1990, following her graduation from Cal State Fullerton, plaintiff began a career as a sales person in the pharmaceutical medical industry. From 1990 through 2015, plaintiff was employed by four reputable medical and pharmaceutical companies. During this time plaintiff performed her job duties competently and conscientiously. She consistently exceeded sales objectives and earned numerous awards and accolades for her sales proficiency. At no time was she subject to significant criticism regarding her performance.

Plaintiff's Hire by Defendant KINDRED's Predecessor in Interest:

8. In October of 2014, defendant KINDRED merged with Gentiva Hospice Services, with defendant KINDRED taking full ownership of Gentiva Hospice Services. In May of 2015, plaintiff began her employment with defendant KINDRED as Area Director of Business Development for the Inland Empire Hospital services. In July of 2018, defendant KINDRED was purchased by Humana, Inc., TPG Capital, and Welsh, Carson, Anderson and Stowe. At the same time, Humana, Inc. purchased Curo Hospice Services, making Humana, Inc. the owner of the three largest Hospice providers in the United States. In May of 2020, because of her competent performance, plaintiff was awarded to the position of Area Vice President of Business Development for Kindred

Healthcare Hospice Services.

9. Throughout plaintiff's employment with defendant KINDRED, she performed her job duties competently and conscientiously, and with dedication and loyalty to defendant KINDRED. Plaintiff again exceeded her sales objectives and received consistently favorable evaluations.

<u>Plaintiff's Supervisor Targets Plaintiff as a Scapegoat After Failing to Provide Plaintiff with Needed Training and Direction</u>:

10. In May of 2020, Joel Freebarin ("Freebarin"), Vice President of Business Development, became plaintiff's supervisor. In July of 2020, nine employees in plaintiff's sales team resigned because defendant KINDRED would no longer be involved in patient transportation. Plaintiff thereafter had to interview new employees for the empty positions and then hire and train them to develop valued relationships with doctors, hospitals and skilled nursing facilities. Nine new sales people were in place by late August and early September of 2020. Because of the decline in sales resulting from the resignation of the nine employees, Freebarin was pressured by higher management to increase sales. Thereafter plaintiff began to be targeted by Freebarin with unwarranted criticisms. Freebarin also failed to train plaintiff adequately or give plaintiff a 90 day review, in violation of corporate policy. Freebarin badgered plaintiff incessantly to produce sales results which were impossible, given that she was working with nine new sales people. Freebarin also failed and refused to provide necessary feedback to plaintiff when plaintiff sought direction from him.

///

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

<u>Defendant KINDRED's Failure to Comply with the California Governor's "Stay at Home" Order Incident to the Covid-19 Pandemic:</u>

11. On December 3, 2020, Governor Newsom issued a mandatory "stay at home" order for all but essential workers. Plaintiff told Freebarin of her belief that her sales people should not be required to visit their customers in view of this order. Freebarin responded by sending plaintiff a letter which stated that Kindred employees were essential workers who should be allowed to stay at hotels. Fearful of losing her job if she did not comply, plaintiff complied. That same night plaintiff received the pneumonia and shingles vaccines.

12. Despite Freebarin's directive, plaintiff and other members of her sales team decided based on Governor Newsom's "stay at home" order and the limited access to customers due to the Covid-19 pandemic, that it would not be prudent for plaintiff to travel to San Diego to work with the sales people who lived there. Plaintiff then relayed this decision to Freebarin, and advised him that the San Diego sales people did not want her to come. Freebarin ordered plaintiff to go nonetheless.

13. The following day, plaintiff complied with Freebarin's directive. Upon arriving in San Diego, she began to experience body aches and related symptoms. Plaintiff believed that these symptoms resulted from the vaccines she received the night before, and visited three customers with a sales rep.

///
///
///

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b)); WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

14. Later that day, following a meeting with the Executive Director and Director of Home Health, plaintiff texted Freebarin and advised him specifically of the symptoms she was experiencing and told him that they were getting worse. Plaintiff told Freebarin that she was going home. Plaintiff then contacted infection control upon Freebarin's recommendation. Despite plaintiff advising that she had just taken the pneumonia and shingles vaccines, she was directed to be on quarantine and get tested for Covid-19.

15. On December 9 and 10, 2020, plaintiff called in sick due to continued symptoms, including a fever. Plaintiff took the Covid-19 test and communicated to Freebarin and infection control that the results were negative.

Plaintiff's Wrongful Termination:

16. On December 11, 2020, Freebarin asked plaintiff if she was coming to work that day. Plaintiff replied in the affirmative. Plaintiff performed her normal work duties that morning, and was invited to participate in a conference call at noon. Celia Cabrera of HR also participated in the conference call. Plaintiff was told that she was being terminated for "failure to inform regarding your potential Covid-19 symptoms earlier and putting employees at risk." Plaintiff explained again that she had advised Freebarin that her symptoms were due to the pneumonia and shingles vaccines, and that as soon as she experienced such symptoms she had brought that to Freebarin's attention. Plaintiff also confirmed that she had worn the proper PPE, including gloves and masks, and social distanced.

///

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

17. Infection control never quarantined any of the employees with whom plaintiff had contact while she was experiencing her body aches and related symptoms, for the stated reason that they were not at risk.

18. Plaintiff experienced severe anxiety, depression, insomnia and crying as a result of her wrongful termination, just days before Christmas. She anticipates considerable difficulty finding comparable employment given her age (54), the ongoing Covid-19 pandemic, and the stigma of having been terminated for alleged cause.

## FIRST CLAIM FOR RELIEF

(Violation of the State Whistleblower Act
(Labor Code, § 1102.5(b)))

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if set forth in full.

20. On December 11, 2020, defendant KINDRED violated the State Whistleblower Act - Labor Code, § 1102.5(b), in that a substantial motivating reason for terminating plaintiff was retaliatory animus based on plaintiff's having protested defendant KINDRED's noncompliance with Governor Newsom's "stay at home" order for all but essential workers incident to the Covid-19 pandemic.

21. As a direct and proximate result of said statutory violation, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

22. As a further direct and proximate result of said statutory violation, plaintiff sustained general damages for severe mental and emotional distress in sums prayed.

///

8

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

23. Defendant KINDRED acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant KINDRED should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

24. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Labor Code, § 1102.5(j).

## SECOND CLAIM FOR RELIEF

(Wrongful Termination Based on Public Policy)

25. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if set forth in full.

26. On December 11, 2020, defendant KINDRED wrongfully terminated plaintiff in violation of a fundamental and substantial statutorily based public policy, in that a substantial motivating reason for plaintiff's termination was retaliatory animus based on plaintiff's having protested defendant KINDRED's noncompliance with Governor Newsom's "stay at home" order for all but essential workers incident to the Covid-19 pandemic.

27. As a direct and proximate result of said wrongful termination, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

28. As a further direct and proximate result of said wrongful termination, plaintiff sustained general damages for severe mental and emotional distress in sums prayed.

///

///

9

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b)); WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

29. Defendant KINDRED acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant KINDRED should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

PRAYER

WHEREFORE plaintiff prays judgment against defendants as follows:

As to the First Cause of Action:

1. For economic damages, according to proof;
2. For general damages in the sum of $1,000,000.00;
3. For punitive damages, according to proof;
4. For statutory attorneys' fees pursuant to Labor Code, § 1102.5(j).

As to the Second Cause of Action:

1. For economic damages, according to proof;
2. For general damages in the sum of $1,000,000.00;
3. For punitive damages, according to proof.

As to Both Causes of Action:

1. For costs of suit incurred;
2. For such further relief as the Court deems proper.

Dated: January 5, 2020

WILLIAM M. CROSBY
Attorney for Plaintiff
DEBORAH FREEMAN

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b)); WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND

<u>JURY TRIAL DEMAND</u>

Plaintiff DEBORAH FREEMAN hereby demands trial by jury of the above cause.

Dated: January 5, 2020

*[signature]*
WILLIAM M. CROSBY
Attorney for Plaintiff
DEBORAH FREEMAN

---

11

COMPLAINT FOR VIOLATION OF THE STATE WHISTLEBLOWER ACT (LABOR CODE, § 1102.5(b));
WRONGFUL TERMINATION BASED ON PUBLIC POLICY; JURY TRIAL DEMAND